UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JACQUELINE SCOTT & ASSOCIATES, APLC    CIVIL ACTION NO. 24-cv-622

VERSUS                                 JUDGE S. MAURICE HICKS, JR.

HARTFORD CASUALTY INSURANCE CO         MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Jacqueline Scott & Associates, APLC ("Plaintiff") filed this civil action against Hartford Underwriters Insurance Company ("Hartford") to recover losses allegedly caused by storm damage to commercial property. Before the court is Plaintiff's Motion to Compel Appraisal and Appoint an Umpire (Doc. 36). Hartford opposes the motion on the grounds that neither the policy nor Louisiana law allow Plaintiff to force Hartford to participate in an appraisal process. For the reasons that follow, the motion will be denied.

Plaintiff operates a law firm at 1115 Pierremont Road in Shreveport. Hartford issued a Business Owner's Policy to Plaintiff for a period between July 2022 and July 2023. The policy provided various coverages, including business liability and property damage. Presumably, the policy submitted with Plaintiff's motion was renewed because the claim at issue relates to damages allegedly caused by a windstorm/hailstorm that occurred on September 24, 2023. Complaint, ¶ 14.

Hartford inspected the property and identified $57,261.03 replacement cost value in damages. ¶ 16. Plaintiff retained a contractor who inspected the property and estimated roofing damages at $467,316.28 actual cash value in damages. ¶ 17. Plaintiff alleges that

Hartford has made no payment and has not discussed the damages with Plaintiff since the submission of Plaintiff's estimate, thus creating a disagreement on the amount of the loss.

Plaintiff represents that it invoked an appraisal provision contained in its policy and allegedly required by La. R.S. 22:1311. Plaintiff appointed an appraiser, but Hartford responded that it was "not in agreement with the appraisal request," so no appraiser was selected. Plaintiff filed this civil action, followed by the motion that seeks to force Hartford to participate in an appraisal process.

The Hartford policy includes an appraisal provision on an endorsement titled Louisiana Changes – Special Property Coverage Form. It begins as follows:

> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. However, *an appraisal will be made only if both we and you agree*, voluntarily, to have the loss appraised. (Emphasis added)

The provision goes on to provide that, if the parties agree, each party will select an appraiser, and the two appraisers will select an umpire. If they cannot agree on an umpire, either may request that the selection be made by a judge. The appraisers will state separately the amount of loss. If they do not agree, they will submit their differences to the umpire. Even then, "An appraisal decision will not be binding on either party." Plaintiff acknowledges that the appraisal provision in the policy reflects an intent that the parties have an option of participating in the appraisal process, so it does not permit Plaintiff or the court to force Hartford to do so.

Plaintiff argues that appraisal is nonetheless mandated by La. R.S. 22:1311, which contains what the statute designates as the "standard fire insurance policy of the State of

Louisiana." The statute provides that "[n]o policy or contract of fire insurance" shall be issued of any property in this state unless it conforms to all provisions provided in the statute. The statutory form includes this appraisal provision:

> In case the insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then on request of the insured or this Company such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item, and failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally.

Plaintiff argues that because its policy insures the property against the peril of fire, the provisions mandated by Section 1311 are applicable even though the loss at issue was not caused by fire. Hartford argues that the statutory form policy is applicable only to a fire insurance policy and not to a homeowners' insurance policy (that insures against multiple other perils) or a multi-peril commercial policy such as Hartford's policy at issue in this case.

In Landry v. Louisiana Citizens Property Ins. Co., 983 So.2d 66 n. 10 (La. 2008), the Louisiana Supreme Court discussed a predecessor statute, La. R.S. 22:695, that previously set forth the standard fire policy prescribed by law. It required that "any fire insurance policy" insuring property in the state include certain provisions. The Supreme Court engaged in a lengthy review of decades of legislative history of changes to the statute,

as well as proposed changes that were rejected. The unanimous Court ultimately concluded that the "fire insurance policy" to which the statute applies "appears to be a specific policy separate and distinct from a typical homeowners' policy, although both policies insure against the peril of fire." It noted that insurance law in general, and the legislature's definitions of various kinds of insurance, note a distinction between dwelling or fire policies that tend to protect against a narrow class of perils and homeowners' policies that are multi-peril policies with much broader coverage. The Court said that the legislative history and comparison with related statutes "reveals that the statute is intended to apply only to fire insurance policies," which may include coverage against other perils as allowed by law and is distinct from a homeowners' policy. It noted that the insurance industry has, however, always assumed that the use of the term fire insurance policy includes homeowners' policies.

The <u>Landry</u> Court ultimately concluded that it need not resolve the issue to decide the case before it, and it urged the legislature to make any changes as needed. The statute has been renumbered and restyled to some extent, but it still addresses only a "policy or contract of fire insurance" and has not been broadened to expressly state that the form policy must be included in any policy that insures against the peril of fire.

Judge Cain reviewed a similar dispute that involved a church's claim for hurricane-related property damage that was insured under a similar policy. The parties in that case participated in the appraisal process, and both appraisers signed an appraisal award, but the insurer did not make payment according to that award. The owner argued that, under the policy provision required by La. R.S. 22:1311, the appraisal award was binding and should

be confirmed by the court. Judge Cain looked to the <u>Landry</u> case as well as <u>GeoVera Specialty Ins. Co. v. Joachin</u>, 2019 WL 8273471 (E.D. La. 2019) (holding that legislative reference to fire insurance does not include homeowners' insurance) and determined that La. R.S. 22:1131 did not apply to the policy on the church. Consequently, the appraisal award was not binding as to the compensation the insurer owed to the owner of the church. <u>Church of King of Lake Charles v. GuideOne Mut. Ins. Co.</u>, 2021 WL 4527454 (W.D. La. 2021).

Judge Cain has since applied a similar analysis to reject arguments that the codified fire policy's appraisal provision was applicable to a homeowners' insurance policy. <u>Wallace Myers v. Allied Tr. Ins. Co.</u>, 2022 WL 2162588 (W.D. La. 2022); <u>LeBlanc v. Allied Tr. Ins. Co.</u>, 2022 WL 4597863 (W.D. La. 2022). Judge Africk followed Judge Cain's decision when he denied property owners' motion to confirm an appraisal award. <u>O'Connor v. Allied Tr. Ins. Co.</u>, 2023 WL 3019926 (E.D. La. 2023). The undersigned finds these decisions to be persuasive and that the Louisiana Supreme Court's discussion in <u>Landry</u> supports an <u>Erie</u> prediction that the state's high court would agree.

Plaintiff's final argument is based on Directive 173, originally issued by the Commissioner of Insurance in 2003. The Commissioner issued a revision dated October 5, 2020 after the Louisiana Insurance Code was recodified and renumbered, and certain amendments to the laws were enacted. The amended Directive asked all insurers to take note that, pursuant to Louisiana statute, arbitration and appraisal provisions that attempt to deprive Louisiana courts of jurisdiction or venue are not permitted in insurance policies in

Louisiana.  It added, "An appraisal provision that states that the appraisal process is 'binding' or 'final' or uses similar language is not lawful in Louisiana."  See Doc. 40-1.

The Commissioner issued another revision to Directive 173 dated January 25, 2022. See Doc. 36-7.  It stated that the revision was issued to provide updated guidance in light of recent jurisprudence and legislation that mandated the inclusion of newly enacted appraisal provisions for all *residential* property insurance policies effective January 1, 2022.  The directive advised insurers to comply with the new legislation with respect to residential property insurance policies.  Plaintiff latches onto the final sentence in that paragraph that mentioned other types of policies.  It stated: "All non-residential property insurance policies, including but not limited to Commercial Property, Commercial Multi-Peril, Commercial Residential Property, and Commercial Farm and Ranch, that provide coverage for the peril of fire shall continue to comply with the specific appraisal provisions set forth in La. R.S. 22 :1311."

This directive seems to imply that the Commissioner believes that the appraisal provisions in Section 1311 are applicable to commercial property policies such as the one at issue.  The Louisiana Supreme Court noted in Landry that it seemed the insurance industry assumed the statute applied beyond a mere fire insurance policy, but the Court expressed a different view based on its assessment of the rather complex legislative history. When applying Louisiana law in a diversity case, this court must look to the Louisiana Supreme Court.  In the absence of on-point cases, the federal court must make an Erie guess about how that court would proceed.   Parkcrest Builders, LLC v. Liberty Mut. Ins. Co., 26 F.4th 691, 694 (5th Cir. 2022).  Landry did not make a definitive holding on this

point, but the unanimous Court issued a detailed and thoroughly explained assessment of the issue that resulted in a view that is contrary to that suggested by the Commissioner's directive. The undersigned finds that this court's obligation under Erie is best served by following the reasoned discussion of the Supreme Court of Louisiana rather than a single, unexplained sentence in an administrative directive that appears to be to the contrary. For these reasons, Plaintiff's **Motion to Compel Appraisal and Appoint an Umpire (Doc. 36)** is **denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of October, 2024.

Mark L. Hornsby
U.S. Magistrate Judge